McClendon, J.,
dissenting.
|,1 respectfully disagree ‘with the majority’s conclusion that the handwritten document at issue is a valid olographic will. The document contains nothing ' to establish that Mr. Achee intended it as his. last will and testament. The precatory language “I want to” is used throughout in addressing specific items for disposition. When such precatory terms are utilized in a document purporting to be a will, the precatory language itself must be considered in light of the document in its entirety. See Succession of White, 06-1002 (La.App. 1 Cir. 5/4/07), 961 So.2d 439, 442. In considering the entire document, I note that the introductory paragraph addresses the estates of Mr. Achee’s parents, providing “to whom it may concern about the estates of Lawrence David Achee Sr <⅞ Virgie Ola Martin Achee.” Additionally, in subsequent paragraphs, while Mr. Achee lists some specific items that he wants to leave to Mr. Miller, there is no language disposing of the residual estate. In fact, the final provision of the document references various tools, but is incomplete in that it provides no legatee with regard to said tools. The document also lacks a revocation clause.
Of further concern are the markings below Mr. Achee’s signature in the original handwritten document. From said markings one might infer that further writings were below the signature. However, that section has been removed in the document produced to the court.
Further, we cannot ignore that the typewritten document prepared later the same day incorporated all of the substance of the handwritten document, but was more complete. In the introductory paragraph, it provided “that this document is my last will and testament” and included a revocation clause revoking all prior wills and codicils. Also, the language utilized therein was dispositive insofar as it used the term “I give” |2rather than the precatory “I want to.” Additionally, the purported notarial testament addressed Mr. Achee’s entire estate and indicated that Mr. Miller was to be a universal legatee. As such, one might cpnclude that the handwritten document was prepared as an outline or a guide for the drafting , of a notarial testament.
Under these facts, I cannot conclude that Mr. Achee intended the handwritten document as his last will and testament. Therefore, I dissent and would reverse the trial court’s judgment.